IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THERMAL CORP. and THERMACORE, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 10-380 (JJF)(MPT) |
| v. | ) ) | |
| MOMENTIVE PERFORMANCE MATERIALS INC. | ) ) ) | |
| Defendant. | ) ) | |

**OPENING BRIEF IN SUPPORT OF MOMENTIVE'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
  *Attorneys for Momentive*
  *Performance Materials Inc.*

OF COUNSEL:

William D. Coston
Keith G. Haddaway
Tamany Vinson Bentz
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

June 21, 2010

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ....................................................................................................................... 1

THERMAL'S INFRINGEMENT ALLEGATIONS ................................................................... 1

ARGUMENT ............................................................................................................................... 2

CONCLUSION ............................................................................................................................ 3

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)..................................................................................................2

*Eidos Comm., LLC v. Skype Techs. SA,*
   686 F.Supp.2d 465 (D. Del. 2010) (Robinson, J.) ...................................................3

*Fifth Market, Inc. v. CME Group, Inc.,*
   Civ. No. 08-520-GMS, 2009 WL 5966836 (D. Del. May 14, 2009)........................3

*McZeal v. Sprint Nextel Corp.,*
   501 F.3d 1354 (Fed. Cir. 2007)........................................................................... 2-3

**RULES AND STATUTES**

Fed. R. Civ. P. 8 ................................................................................................... 1-2

Fed. R. Civ. P. 12 ................................................................................................. 2-3

## INTRODUCTION

Plaintiffs Thermal Corp.'s and Thermacore, Inc.'s (collectively "Thermal") Complaint fails to state a claim for patent infringement because there is no indication of how Defendant Momentive Performance Materials Inc. ("Momentive") is infringing the asserted patent. Even the most basic complaint must allege facts to support an allegation of patent infringement. Thermal's Complaint fails to include any facts. It has only a single allegation regarding infringement that accuses Momentive of infringing solely because it deals in a technology field – "high conductivity structural materials." Complaint at ¶ 11. This allegation fails to put Momentive on notice of which, if any, product is the basis for Thermal's claims and, in this regard, fails to meet the basic pleading requirements set forth in Fed. R. Civ. P. 8 and recent Supreme Court precedent. Momentive, therefore, respectfully requests that Thermal's Complaint be dismissed or, in the alternative, that the Court order a more definite statement of infringement.

## THERMAL'S INFRINGEMENT ALLEGATIONS

Thermal filed its patent infringement action without any prior notice to Momentive or any indication that Thermal believed Momentive was violating its rights. While the Complaint alleges that the Thermal parties own and license United States Patent No. 5,296,310 ("the '310 patent") and that jurisdiction is proper, its allegations concerning the invention and infringement are too general to be discernable. Complaint at ¶¶ 4, 6-8. The Complaint alleges simply that the '310 patent concerns "particular high conductivity structural materials" without any indication of what particular materials are of relevance to the Complaint. Complaint at ¶ 10. Likewise, the Complaint vaguely alleges that "on information and belief, Momentive has infringed the '310 patent by making using, selling and/or offering for sale high

conductivity structural materials that are covered by one or more claims of the '310 patent."

Complaint at ¶ 11.

## ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted."  To state a claim a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  A complaint must also include enough factual allegations to raise the plaintiff's right to relief "above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This obligation to provide factual allegations requires more than "mere labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Id.*  (internal quotes omitted).[1]

In the patent infringement context, the Federal Circuit has held that a plaintiff meets these pleading burdens when a complaint sets forth:

> 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages.

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007), citing Fed. R. Civ. P. Form 16 (2006).[2]

---

[1]    Under appropriate circumstances, a plaintiff may be required to provide a more definite statement when a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. Rule 12(e).

[2]    Now, Fed. R. Civ. P. Form 18 (2010).

Here, Thermal has failed to allege a statement of Momentive's infringement and therefore has failed to provide Momentive with fair notice regarding how it infringes the '310 Patent. Thermal's Complaint lacks any factual allegation regarding infringement that is more than merely a summary recitation of the category of technology allegedly related to the '310 Patent. To state a claim, however, Thermal is "obligated to specify, at a minimum, a general class of products or general identification of the alleged infringing methods." *Eidos Comm., LLC v. Skype Techs. SA*, 686 F.Supp.2d 465, 467 (D. Del. 2010) (Robinson, J.); *Fifth Market, Inc. v. CME Group, Inc.*, Civ. No. 08-520-GMS, 2009 WL 5966836, at *1 (D. Del. May 14, 2009) (Sleet, C.J.) (dismissing Fifth Market's complaint because none of its claims "contain any reference to a single infringing product or method"). But Thermal fails to identify any product or infringing methods and instead relies on an entire area of technology. Complaint at ¶ 11. Such references to large technology areas, as opposed to products, does not satisfy the pleading requirements put forth in *McZeal* or the Federal Rules of Civil Procedure. *See Eidos*, 686 F.Supp.2d at 468 ("these are examples of large technology areas, not genres of products as contemplated by Form 18").

## <u>CONCLUSION</u>

Because Thermal's Complaint fails to allege any facts upon which one could infer that Momentive may infringe the '310 Patent, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, Momentive requests that the Court order Thermal to provide a more definite statement of infringement pursuant to Fed. R. Civ. P. 12(e).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

_____
Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
  *Attorneys for Momentive*
  *Performance Materials Inc.*

OF COUNSEL:

William D. Coston
Keith G. Haddaway
Tamany Vinson Bentz
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

June 21, 2010
3620244

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

David Phillip Primack
DRINKER BIDDLE & REATH LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on June 21, 2010 upon the following individuals in the manner indicated:

### BY E-MAIL

Todd C. Schiltz
David Phillip Primack
DRINKER BIDDLE & REATH LLP
1100 North Market Street
Suite 1000
Wilmington, DE  19801-1254

**todd.schiltz@dbr.com**
**david.primack@dbr.com**

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)

3623876