**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| THERMAL CORP. and THERMACORE, INC., | : : : : | |
| Plaintiffs | : : : | |
| v. | : : | C.A. NO. 10-380 (JJF)(MPT) |
| MOMENTIVE PERFORMANCE MATERIALS, INC., | : : : | |
| Defendant. | : : : | |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS OR, IN THE
<u>ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT</u>**

 

**DRINKER BIDDLE & REATH LLP**
Todd C. Schiltz (ID No. 3253)
David P. Primack (ID No. 4449)
1100 North Market Street, Suite 1000
Wilmington, DE 19801-1254
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

*Of Counsel:*
Robert A. Koons, Jr.
Andrea L. D'Ambra
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

*Attorneys for Plaintiffs
Thermal Corp. and Thermacore, Inc.*

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES......................................................................................................iii

INTRODUCTION.........................................................................................................................1

ARGUMENT.................................................................................................................................1

CONCLUSION..............................................................................................................................5

# **TABLE OF AUTHORITIES**

**CASES** **PAGE(S)**

*Ashcroft v. Iqbal*,
    129 S.Ct. 1937 (2009)..................................................................................................4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................4

*Digital Tech. Licensing LLC v. Sprint Nextel Corp.*,
    C.A. No. 07-5432 (SRC)(MAS), 2008 WL 4068930 (D.N.J Aug. 27, 2008)..............2

*Eidos Commc'ns., LLC v. Skype Techs. SA*,
    686 F. Supp. 2d 465 (D. Del. 2010)..........................................................................1, 3

*Fifth Market, Inc. v. CME Group, Inc.*,
    C.A. No. 08-520 GMS, 2009 WL 5966836 (D. Del. May 14, 2009)..........................3

*Mark IV Industries Corp. v. Transcore, L.P.*,
    C.A. No. 09-418 GMS, 2009 WL 4828661, (D. Del. Dec. 2, 2009).............................4

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007).....................................................................................4

**RULES**

Fed. R. Civ. P. Form 18...........................................................................................................1, 2, 4

**INTRODUCTION**

Plaintiffs, Thermal Corp. and Thermacore, Inc. (collectively "Thermal"), have initiated the present action against defendant, Momentive Performance Materials, Inc. ("Momentive"), for infringement of United States Patent No. 5,296,310 ("the '310 patent"). Thermal states in its complaint that "Momentive has infringed the '310 patent by making, using, selling, and/or offering for sale high conductivity structural materials that are covered by one or more claims of the '310 patent. Complaint at ¶ 11. Momentive now argues that Thermal's use of the phrase "high conductivity structural materials" is not specific enough to give Momentive notice of what products infringe the '310 patent. As explained more fully below, Thermal's complaint in fact does satisfy all of the requirements for pleading a patent infringement claim, and therefore Momentive's motion should be denied.

**ARGUMENT**

Form 18 of the Federal Rules of Civil Procedure establishes the proper form and procedure for pleading a claim of patent infringement. *See* Fed. R. Civ. P. Form 18 (2010). Form 18 provides that, in alleging what products infringe a plaintiff's patent, the plaintiff need only identify the genre of products and not the specific product or products (e.g., Form 18 provides the example of "electric motors" as sufficient to meet the "genre of products" requirement). *Id*. Indeed, as Momentive acknowledges in its own supporting brief, a plaintiff is only "obligated to specify, at a minimum, a general class of products or a general identification of the alleged infringing methods." Opening Brief in Support of Momentive's Motion to Dismiss or, in the Alternative, for a More Definite Statement at 3; *see also, Eidos Commc'ns., LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 467 (D. Del. 2010). Further, it is well established that "Form 18 does not require that the Plaintiff specify the exact product name." *Digital Tech.*

*Licensing, LLC v. Sprint Nextel Corp.*, C.A. No. 07-5432 (SRC)(MAS), 2008 WL 4068930, at *2 (D.N.J. Aug. 27, 2008).  Here, Thermal initially has provided Momentive with a genre of infringing products: high conductivity structural materials.  In addition, the specification and claims of the '310 patent attached to the Complaint specifically describe the type of products encompassed within the identified genre of high conductivity structural materials.  Thus, Thermal's Complaint more than satisfies the requirements of Form 18.

Apparently Momentive, through its motion, seeks to create a rule of civil procedure that would require Thermal to plead a specific infringing product by product name or model number.  Unfortunately for Momentive, that level of specificity is required neither by Form 18 nor any established Federal Rule of Civil Procedure.  Moreover, it is impossible for that level of specificity to be ascertained reliably at the early pleading stage of this case.  Nevertheless, if one searches for the terms "high conductivity" and "structural materials" on Momentive's website, two results appear, products designated "TC1050" and "BN Composite Custom Shapes," both of which have the identical product description.  It is unclear whether these products are identical, however, which would beg the question of why two identical products have different names, or whether the products are not identical and there is an error on the web page.  This in turn could render erroneous an assertion that both of the products are infringing.

This situation aptly demonstrates why a plaintiff cannot be required to provide names and model numbers for a defendant's accused infringing products, as recognized by Form 18 and the cases interpreting it.  Accordingly, to avoid potentially misleading Momentive and this Court, Thermal properly did not plead specific product names.  Instead Thermal properly pleaded the broader category of "high conductivity structural materials," thereby satisfying the requirements of Form 18 and, in conjunction with the detailed disclosure of the '310 patent attached to the

complaint, readily allowing Momentive to assess which and how many of its products are at issue.

Momentive, on the other hand, cites only two cases in which courts have dismissed complaints for lack of specificity. Those cases are easily distinguishable from the instant case. In *Fifth Market, Inc. v. CME Group, Inc.*, Civ. No. 08-520-GMS, 2009 WL 5966836 (D. Del. May 14, 2009), the complaint at issue did not identify a genre of products at all, but instead simply claimed the defendant's "products and methods" infringed the plaintiff's patent. *Id.* at *1. Here, Thermal has particularly identified a product, "high conductivity structural materials." In addition, because the '310 patent has only "product" claims, there is no question as to whether a "product," "method," or both, have infringed, as was the case in *Fifth Market*.

Similarly, in *Eidos Communications, LLC, v. Skype Techs. SA,* the plaintiff claimed the defendant's "communication system products and/or methodologies" infringed the plaintiff's patent. 686 F. Supp. 2d at 467. The court found the complaint inadequate because it "[did] not indicate whether a product or method (or both) [were] at issue" and because the category "communication system" was extremely broad. *Id.* at 468. Again, in the present case, only products are at issue, so Momentive cannot be confused as to whether products or methods are alleged to infringe. Moreover, Thermal has pleaded a particular genre of product, "high conductivity structural materials," which cannot be characterized as an overly broad description like "communication system."

In fact, as described above, it is telling that a term search of Momentive's web site for "high conductivity" and "structural materials" results in the identification of two products having the very same product description. Notwithstanding the confusing nature of this situation -- for which Momentive is solely responsible -- Momentive cannot justifiably assert that it is faced

- 3 -

with an overly broad product and method description, as was the case in *Fifth Market* and *Eidos*. Thus, both of the cases cited by Momentive are inapposite to the present situation.

Finally, Momentive cites *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and argues that Thermal's complaint does not satisfy the heightened pleading requirements outlined in that case. The Court of Appeals for the Federal Circuit, however, has made it clear that compliance with Form 18 satisfies the *Twombly* standard. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357-58 (Fed. Cir. 2007). In addition, this Court has held that the Supreme Court's ruling in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) did not supersede or otherwise alter the pleading standard described in Form 18. *Mark IV Industries Corp. v. Transcore, L.P.*, 2009 WL 4828661, at *3-4 (D. Del. Dec. 2, 2009). Thus, neither *Twombly* nor *Iqbal* imposes a higher burden on patent infringement claims than does Form 18. As a result, because Thermal's complaint, at a minimum, satisfies the requirement of Form 18, Momentive's arguments must fail.

- 5 -

## CONCLUSION

Thermal's complaint is sufficiently specific to provide Momentive notice of which products infringe the '310 patent. As a result, Momentive's Motion to Dismiss or, In The Alternative, for a More Definitive Statement, should be denied.

| | |
|---|---|
| Dated: July 8, 2010 | **DRINKER BIDDLE & REATH LLP** |
| | /s/ David P. Primack |
| | Todd C. Schiltz (DE 3253) |
| | David P. Primack (DE 4449) |
| | 1100 North Market Street, Suite 1000 |
| | Wilmington, DE 19801-1254 |
| | Telephone: (302) 467-4200 |
| | Facsimile: (302) 467-4201 |

*Of Counsel:*
Robert A. Koons, Jr.
Andrea L. D'Ambra
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

*Attorneys for Plaintiffs*
*Thermal Corp. and Thermacore, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>Mary B. Graham
>Morris, Nichols, Arsht & Tunnell LLP

/s/ David P. Primack
David P. Primack (DE 4449)